## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | | |
|---|---|---|
| **In Re:** | \* | **Chapter 13** |
| | \* | **Case No.  20-10424-BAH** |
| **Theresa Pearson,** | \* | |
| **Debtor** | \* | **Contingent Hearing Date:  10/07/2020** |
| | \* | **Contingent Hearing Time: 09:00 a.m.** |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | | **Objection Deadline:  09/30/2020** |

### DEBTOR'S APPLICATION TO EMPLOY REAL ESTATE SALES ASSCIATE STEVEN WOLOSKY OF KELLER WILLIAMS METROPOLITAN

Debtor submits this motion to employ Steven Wolosky, Sales Associate of Keller Wiliams Metropolitan as real estate sales associate pursuant to 11 U.S.C. §327 of the Bankruptcy Code and Federal Bankruptcy Rule 2014, as follows:

### NEED FOR SALE

This case arises in the wake of a bitter divorce between the Debtor and Michael Pearson. (the "Ex-Husband").  Debtor's ex-mother in law ("Drisko") holds a valid recorded first mortgage on the Marital Home in the original principal amount of $81,000.00 (the "Drisko Mortgage") (the "Drisko Loan") which does <u>not</u> contain a homestead waiver. This is the only recorded lien as of the Petition Date (defined below). Drisko maintains that notwithstanding this fact, Drisko has superior claims <u>ahead of</u> the homestead exemption. Both the Debtor and Drisko agree the Marital Home needs to be sold.  It can be sold by the Debtor under 11 U.S.C. §1303.  Debtor needs to employ a real estate sales associate to sell the Marital Home.

## FACTS

1.      Prior to the Petition Date (April 18, 2020), Debtor was married to her Ex-Husband and purchased the Marital Residence in her own name with her own money sometime in 2006.

2.      Thereafter as part of a re-finance, she quitclaimed half of her 100% interest to her Ex-Husband and both were obligated under a bank mortgage (the "Bank Mortgage.")

3.      At some point around June of 2011 the marriage failed. The Ex-Husband, a lawyer, left the Marital Home.  The Ex-Husband was ordered to pay child support, but refused to do so. He still owes approximately $59,000 in back child support.  There were children at home. As a result, Drisko paid the Ex-Husband money to pay the child support obligations, but the Ex-Husband diverted the money to himself.  Thereafter, Drisko started paying the Bank Mortgage directly.

4.      Drisko paid the Bank Mortgage for several years. During this time, she told the Debtor, more than once, that the Debtor would be walking away with enough money to make a new start in a place of her own. She said, "you know I'm going to make sure that you have some money after the house sells."  These are the kind of things that (Debtor suspects) were not told to Drisko's own children. She told Debtor- early on- "I will take care of the mortgage, you take care of maintenance, etc."

5.      At some point John McLaughlin, a lawyer and Drisko's son-in-law from a different marriage, had Debtor sign a note for $81,000.00 secured by the Drisko Mortgage (without a homestead waiver), which at the time was a second mortgage behind the Bank

Mortgage.  The Bank Mortgage remained current at all relevant times in the Debtor and Drisko's dealings with each other.

6.      During this period, 2014-2018 the house was listed for sale. The Ex-Husband refused to cooperate with the sale on many levels and delayed the attempted sale of the Marital Home.  Despite allegations, Debtor tried diligently to sell the Marital Residence at this time.

7.      Inexplicably, on June 1, 2018 Drisko paid off the remaining balance on the Bank Mortgage of $231,344.88.  She did not contact the Debtor first and all loans were current at the time.  She had never attempted any type of collection during this period, nor ever indicated (other than the $81,000 note) that anything was an obligation of the Debtor.  In fact, she indicated the opposite, that she would take care of the Bank Mortgage and Debtor take care of the maintenance on the Marital Home.

8.      The discharge of the Bank Mortgage which discharged the waiver of homestead exemption in favor of the Bank was signed on August 3, 2018 and recorded on August 7, 2018.

9.      About a year later, Debtor received a demand letter from an attorney for over $402,000.00, claiming that the Bank Mortgage payoff (and payments) were made with the intention of protecting the Drisko Mortgage and pursuant to paragraph 7 of the Drisko Mortgage payments were necessary for "Protection of Lender's [Drisko's] Security." The Bank Loan was added to the Drisko Loan by Drisko.

10.     Debtor disputes the payments were necessary for protection of the Marital Home because of her dealings with Defendant during the 5 years Drisko paid the Bank Mortgage where Drisko clearly indicated donative intent, there are no loan documents other than the Drisko Note. Paragraph 7 of the Drisko Mortgage is for things like paying taxes to avoid a taking or paying

insurance not for paying off a current first mortgage; nobody pays $320,000.00 to protect $81,000.00, and finally Drisko never contacted the Debtor to say she was taking this action and give the Debtor a chance to pay herself.  Drisko's reasoning stretches credulity.

11.     Resolving the issue of the amount of the Drisko Mortgage is less important than whether Debtor gets her homestead exemption because the Marital Residence is only worth about $338,000.00. Debtor owns an undivided half interest. Drisko owns the other half through a deed from her son.

12.     As stated above, both parties agree the Marital Residence needs to be sold.

## THE SALES ASSOCIATE

13.     The Debtor has engaged Steven Wolosky of Keller Williams Metropolitan to sell the Marital Residence.  Steven Wolosky has substantial experience selling residential real estate and is familiar with the Marital Residence.

14.     To the best of the sales associate's knowledge, Steven Wolosky has no connection to the debtor, any creditors, or the U.S. Trustee.  Debtor is satisfied Steven Wolosky is a disinterested person within the meaning and intention of the bankruptcy laws. See Affidavit of Sales Associate attached as Exhibit A.

15.     Steven Wolosky will share his commission only with other members of his firm or through the multiple listing service.

16.     The Wolosky agrees to be compensated at 5 ½ % of the sale's price for his fees and expenses.  All commissions are subject, however, to the Court's approval after an appropriate

notice and hearing and a finding that they are (a) reasonable; (b) actual; (c) necessary; (d) not improvident; and (e) of benefit to the estate.

17.    The terms of the engagement are outlined in the Listing Agreement attached as Exhibit B.

WHEREFORE, Debtor respectfully requests this Court:

A.    Grant the application, employing the broker on the terms contained in this Motion; and

B.    Grant such other relief as this Court deems just and equitable.

Respectfully submitted,
Theresa Pearson,
Chapter 7 Debtor
By her attorneys:
Notinger Law, PLLC

Dated: September 8, 2020          By:    /s/ Steven M. Notinger
Steven M. Notinger, Esq. (BNH #03229)
PO Box 7010
Nashua, NH 03060
(603) 888-0803
steve@notingerlaw.com

5

## <u>Certificate of Service</u>

I hereby certify that I have on this date served the foregoing document upon the parties registered to receive electronic notice in this matter via CM/ECF.

**20-10424-BAH Notice will be electronically mailed to:**

Brad C. Davis on behalf of Creditor Katherine Drisko
brad@davishuntlaw.com

Steven M. Notinger on behalf of Debtor Theresa Pearson
steve@notingerlaw.com, cheryl@notingerlaw.com;debbie@notingerlaw.com

Steven M. Notinger on behalf of Plaintiff Theresa Pearson
steve@notingerlaw.com, cheryl@notingerlaw.com;debbie@notingerlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Lawrence P. Sumski
SumskiCh13@gmail.com

Dated: September 8, 2020                    By:    /s/ Steven M. Notinger
                                                   Steven M. Notinger, Esq. (BNH #03229)