UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW HAMPSHIRE

In Re:  Theresa Pearson                                                         CASE NO.: 20-10424-BAH
            Debtor                                                                              CHAPTER 13

## OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY

**Now Comes** Katherine Drisko, creditor in the above referenced Chapter 13 case and hereby Objects to the Debtor's Motion to Employ Real Estate Associate of Keller Williams Metropolitan. In support of the objection the following is stated:

1. The confirmation hearing on the debtors amended plan is scheduled for October 23, 2020.

2. Part of her unconfirmed plan is to sell the real estate located at 848 Rollins Road in Hopkinton, NH.

3. Creditor Drisko holds a ½ ownership interest in the property by deed recorded May 21, 2018. Exhibit 1.

4. Creditor Drisko is also the sole holder of a mortgage on the property, in an amount that is in dispute to be resolved in the Adversary Proceeding filed by the debtor under case no. 20-01024-BAH.

5. Creditor Katherine Drisko objects to the selling of her ½ interest in the real estate until the mortgage claim and the applicability of the debtor's homestead exemption are resolved.

6. Creditor Drisko further objects as the terms and amount of the sale as proposed would be less than the amount of the mortgage that Creditor Drisko is asserting and the benefit of such sale would not outweigh the detriment to the Drisko claim.

7. The Drisko claim in this case is $402,146.92. The proposed maximum selling price under the proposed listing agreement is $339,000.00. Although the debtor has asserted a homestead exemption in the property, the law is clear that by signing the mortgage she has waived her homestead exemption. "..[I]f a deed is signed by both spouses with the requisite formalities, there is no requirement that the text of the deed contain an express waiver of the homestead right." Maroun v. Deutsche Bank Nat'l Trust Co., 167 N.H. 220, 225 (2014).

8. The First Circuit has also opined "in summary, the plain language of NH Rev. Stat. Ann. Sec. 480:5-a provides that a mortgage that meets the requirements of the statute is enforceable against a homestead exemption whether or not the mortgage contains an express waiver of the exemption. Verdolino v. Anderson, 12 F. Supp 2d 205, 206 (1st Cir. 1998).

.

**WHEREFORE,** Creditor Katherine Drisko respectfully requests this court to:

A. Deny the Application to Employ; and

B. Grant such other relief as is fair and equitable.

                                              Respectfully submitted,
                                              **Katherine Drisko**
                                              by and through counsel,

Date: September 29, 2020        /s/ Brad Davis
                                              Brad C. Davis, Esq.  06836
                                              Davis | Hunt Law, PLLC
                                              780 Central Street
                                              Franklin, NH 03235
                                              (603) 671-5911

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of this Objection on Steven Notinger, Esq., counsel for the debtor and on the Chapter 13 Trustee via the Court's ECF electronic service system.

Date: September 29, 2020        /s/ Brad Davis
                                              Brad C. Davis, Esq.  06836