UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| In Re: | \* | Chapter 13 |
| | \* | Case No.  20-10424-BAH |
| Theresa Pearson, | \* | |
| Debtor | \* | Contingent Hearing Date:  10/07/2020 |
| | \* | Contingent Hearing Time: 09:00 a.m. |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | | Objection Deadline:  09/30/2020 |

## RESPONSE TO OBJECTION TO EMPLOYMENT OF REALTOR

Theresa Pearson ("Debtor"), responds to the objection of Katherine Drisko ("Drisko") to Motion to Employ Realtor, as follows:

1. This case is about whether Debtor gets her homestead exemption in her residence located at 848 Rollins Road, Hopkinton, NH (the "Residence"). Debtor owns ½ of the Residence. Drisko, through a no consideration assignment from her son (Debtor's ex), owns the other half.

2. As of the Petition Date there was one recorded mortgage of "Katherine Drisko" for $81,000.00 encumbering the Debtor's interest in the Residence.  The mortgage does not contain any homestead waiver, is not a purchase money mortgage and was not recorded at the time the Residence was purchased.  Drisko also inexplicably paid off a senior mortgage and it was discharged of record pre-petition. (the "Senior Mortgage").

3. Under clearly established law in New Hampshire, unless the mortgage is a purchase money mortgage the homestead exemption must be waived in writing and recorded. See NH RSA 480:5-a.

4. The homestead exemption was not waived in writing and recorded.

5.     Drisko did not object to the homestead exemption by the deadline in the bankruptcy case, so it is allowed.

6.     Drisko wants to go back to state court to sell the property and then surcharge Debtor's homestead under the state statute, which allows for a surcharge of a co-owner under certain circumstances whose property is sold.  NH RSA 547-C:29. This idea is misplaced. Law v. Siegel, 571 U.S. 415 (2014) made it crystal clear that there is no way to surcharge the homestead in bankruptcy unless it is expressly permitted under the Bankruptcy Code.  In Siegel, a trustee tried to use §105 to surcharge the debtor's homestead for his fees.  The Court denied the request and found as a matter of federal law the only way to surcharge the homestead is if it is permitted under §522 (or other applicable federal statute.)   Under the Supremacy Clause of the Constitution, federal law applies to the surcharge of a homestead. Id.  The attempt by Drisko to go back to state court to surcharge the homestead under the state statute is barred not only by Law v. Siegel, but by §101(5)(B) which provides the definition of a "claim" as an equitable remedy for breach of performance. A "debt" is a liability on a "claim."  §101(12). "Debts" are discharged under §1328.   Drisko is trying to go back to state court to surcharge the Debtor for not paying her back after she paid the Senior Mortgage and not paying the $81,000 mortgage, clearly an alleged breach of performance within §101(5)(B).  The Court cannot grant relief to allow a party to continue pursuing a dischargeable claim.  It is repugnant to the Bankruptcy Code.

7.     Under §522 the only exception that is applicable is §522(c) regarding consensual liens.  11 U.S.C. §522(c) ("property exempted under this section is not liable during or after the case for any debt of the debtor that arose…before the commencement of the case, except- a debt secured by a lien…")  The consensual lien held by Drisko does not waive the homestead

exemption under New Hampshire law. NH RSA 480:5-a. The Debtor is entitled to her homestead and again no objection was filed. The Debtor raised other reasons for the allowance of her homestead exemption in her Adversary Proceeding against Drisko. (20-01024-BAH)[1].

8. Even if state law applies, the homestead can only be invaded by equitable principles "to reach beyond the literal language of the exceptions to the homestead right of exemption only when there has been fraud, deception, or other misconduct in the procurement of funds spent on a homestead. RSA 480:1, 480:4." See Deyeso v. Cavadi 165 N.H. 76, 82 (N.H. 2013). The homestead is to be interpreted liberally. Id. There is no fraud or deception in this case. Equitable principles, should they apply, do not permit invasion of the homestead under these circumstances.

9. Drisko is the one who wanted the Residence sold right away. Debtor is trying to honor her wishes. This, however, does not fit within Drisko's current plans of choking the Debtor off in bankruptcy in Drisko's declared attempts of forcing this matter back to state court.

10. Debtor can sell the Residence under §363(b) and (f) as Drisko has a disputed claim not only on the homestead exemption, but for surcharging Debtor for the payoff the Senior Mortgage through the provision in the mortgage for advancing money when it is supposedly necessary to do so. Debtor has filed suit against Drisko for establishment of the homestead exemption and to deny the surcharge against her on the Senior Mortgage and the $81,000 mortgage on various theories. See Adv. Proc. 20-01024-BAH.

---

[1] See also In re Chase 388 B.R. 462 (Bankr. D. N.H. 2008). Chapter 13 Debtor is not subject to equitable remedies as a hypothetical lien creditor without notice.

11. The property can be sold free of a co-owner either by the Debtor in this chapter 13, by the chapter 13 trustee[2] or by a chapter 7 trustee. Debtor really does not care which process is used, although Chapter 7 will be more expensive and other debts will not be paid. Drisko does not live at the Residence and never has and has filed state court papers to sell the Residence, so it is hard to believe the Debtor or a trustee will not prevail under §363(h).

12. Plus, the Debtor believes if she obtains a buyer, Drisko will agree she obtained the best price and close since she wants her money not ownership of the Residence.

WHEREFORE, the Realtor should be employed as requested by the Debtor.

Respectfully submitted,<br>
Theresa Pearson,<br>
Chapter 7 Debtor<br>
By her attorneys:<br>
Notinger Law, PLLC<br>

Dated: September 30, 2020      By:   /s/ Steven M. Notinger
Steven M. Notinger, Esq. (BNH #03229)
PO Box 7010
Nashua, NH 03060
(603) 888-0803
steve@notingerlaw.com

---

[2] There is a split of authority whether a Chapter 13 Debtor can sell free and clear of a co-owner because 1303 doesn't mention it specifically as a right of the trustee. It is however incorporated in 363(b) which permits a chapter 13 debtor to sell.

## Certificate of Service

      I hereby certify that I have on this date served the foregoing document upon the parties registered to receive electronic notice in this matter via CM/ECF.

**20-10424-BAH Notice will be electronically mailed to:**

Brad C. Davis on behalf of Creditor Katherine Drisko
brad@davishuntlaw.com

Steven M. Notinger on behalf of Debtor Theresa Pearson
steve@notingerlaw.com, cheryl@notingerlaw.com;debbie@notingerlaw.com

Steven M. Notinger on behalf of Plaintiff Theresa Pearson
steve@notingerlaw.com, cheryl@notingerlaw.com;debbie@notingerlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Lawrence P. Sumski
SumskiCh13@gmail.com

Dated: September 30, 2020      By:    /s/ Steven M. Notinger
                                                                  Steven M. Notinger, Esq. (BNH #03229)